CORAM, SHIPPEN, CHIEF JUSTICE, AND YEATES.

## John Hare *against* Joseph Fury.

Generally in trespass, the plaintiff may recover mesne profits for such time as the defendant may have been in possession; but in the case of joint tenants, or tenants in common recovering in ejectment, they are restricted to a reasonable time after judgment.

THE plaintiff declared in trespass for mesne profits of two fifth parts of two parcels of land, situate in New London township, from 10th May 1780 to 10th September 1795. The defendant pleaded not guilty and the statute of limitations.

The plaintiff shewed the record of an ejectment brought by his nominal lessee against the defendant, wherein a demise was laid on the 10th June 1788 for seven years. The suit had been removed into the Supreme Court, and on a *distringas* being issued for a jury at Nisi Prius on the 9th May 1791, the defendant admitted on record, that the lessor of the plaintiff was entitled to two fifth parts of the land in question, and consented that judgment should be entered for him for that proportion of the lands, the plaintiff paying costs.

The writ in the present action issued on the 10th September 1795, and the plaintiff admitted that he was barred by the limitation act from recovering damages prior to the 10th September 1789, but contended that he was entitled to mesne profits from that period until the time of his coming into possession, shortly before the commencement of this suit. A writ of possession had been taken out in the ejectment, returnable to January term 1792, but it did not appear to be executed.

The defendant's counsel objected that the plaintiff should not profit by his own laches. He had it in his power to compel the defendant to let him into possession, and if he has chosen to delay his appropriate remedy, he shall not reap the profits of the labours of his partner in the land. Beyond the time laid in the demise in the ejectment, the verdict proves nothing: there is no difference between a verdict in ejectment, and a judgment by default or by confession. 2 Burr. 668. Mesne profits can only be recovered between the time of demise and recovery in eject-ment. 15 Vin. 395, pl. 4. 1 Lit. Pr. Reg. 596. No evidence of profits can be received beyond the term originally declared for. 1 Dall. 172.

On the part of the plaintiff, it was said, that a tenant in common *might clearly support trespass for mesne profits, 2 Wils. 115, and in the reason of the thing, his right to compensation must be co-extensive with the adverse possession of his companion. His redress should be proportioned to the

[Hare *v.* Fury.]

injury he has received. The recovery in the case cited from Lilly, must mean an execution executed; it cannot be understood of the verdict, 2 Wils. 121, because injustice would be done in many cases at Nisi Prius, where judgments are not rendered for several months afterwards. Where the judgment is against the tenant in possession, and trespass is brought against him, it is sufficient to produce the judgment, without proving the writ of execution executed, because by entering into the common rule, the defendant is estopped both as to the lessor and lessee; *aliter*, where judgment is entered against the casual ejector. 1 Stra. 5. Bull. 87. The action for mesne profits is like trespass with a *continuando*, 2 Barnes 368, Stanynought *v.* Cosins; and in trespass, the plaintiff shall not be compelled to bring separate actions for every day's separate offence. 2 Rol. Ab. 545. 1 Ld. Raym. 240. Here the period complained of is within the term laid in the ejectment.

By THE COURT. After a recovery in ejectment, the general rule is, that the plaintiff may recover mesne profits against the defendant for such length of time as he can prove him to have been in possession; if he goes beyond the time laid in the demise, the defendant may controvert his title, or may plead the statute of limitations, if the plaintiff attempts going back above six years. Bull. 87, 88. But a natural distinction presents itself in the case of one joint tenant, or tenant in common recovering the possession against their partners on an actual ouster. The defendants in such instances hold undivided interests and cannot be compelled to relinquish the entire possession. It was incumbent, therefore, on the plaintiff, to obtain possession under the proper writ, or otherwise, in a reasonable time after judgment in the ejectment; and if he is remiss herein for years, he shall not charge the defendant as a trespasser. Here the judgment was absolute at Nisi Prius on the 9th May 1791, and allowing one month thereafter as a reasonable time for obtaining the service of a *habere facias possessionem*, the plaintiff is entitled to mesne profits from the 10th September 1789 to 9th June 1791, being 1¾ years, and for no longer space of time.

Verdict *pro quer.* for 35l. damages.

Messrs. T. Ross and Hemphill *pro quer.*

Messrs. M'Kean and Porter *pro def.*

Cited in 4 Wh. 240 to show that the statute of limitations bars a recovery in trespass for all but the last six years.

Cited in 2 W. & S. 314 to show that in an action of trespass to recover mesne profits, the plaintiff may recover more than the rent or yearly value of the land; he may charge all actual damage and injury to the premises.

Cited in 7 Pa. 25 in support of the proposition that if the plaintiff permits the defendant to remain an unreasonable time in possession, without taking out a *habere facias possessionem*, he will not be permitted to convert the defendant into a *trespasser* against his will.

Cited in 39 Pa. 420 to show that a tenant in common may maintain trespass against a co-tenant for mesne profits, after a recovery in ejectment.

[Kennedy *v.* Kennedy.]

Carefully examined, approved and followed in 46 Pa. 23.

Cited in 68 Pa. 81 in support of the decision that a judgment in ejectment is but *prima facie* evidence that the defendant continued in possession when the *habere* was executed; and he may show that he had left the possession or was not in it after the service of the writ.

Cited 3 W. N. C. 446.