# Cook *against* Nicholas.

A widow who remains in the possession of land of which her husband died seised and possessed, will not be permitted to claim title adversely to her children by the Statute of *Limitations;* her possession, under such circumstances, is that of her children; and if she marry again, the possession of her and her husband will be as well for the children as themselves.

A plaintiff in ejectment will not be permitted to recover the mesne profits in the same action, unless he give previous notice of such claim.

ERROR to the Common Pleas of *Luzerne* county.

Henry Nicholas and wife, Walter Smirall and wife, and Lyman Barney and wife, against Stephen Cook. This was an action of ejectment for fifty acres of land.

The plaintiffs were the heirs of Thomas Mattison, who died 24th of December 1815. Before, and at the time of his death, he was in possession of the premises in dispute. At his death he left a widow, now the wife of Stephen Cook, the defendant, and the three daughters named with their husbands as plaintiffs, in possession of and residing upon the land. About the time of his marriage with the widow, Cook came to reside on the premises,

[Cook v. Nicholas.]

and had continued to reside there with his family to the time of suit brought. The daughters of Mattison remained with the defendant until they were twelve or fourteen years old, when they went out to work. Cook married the widow in 1818. The proceeds of some personal property, left by Mattison, were applied by the widow, who with Cook took out letters of administration, to finishing a house left by Mattison in an unfinished state, and to clearing some land which Mattison had chopped.

These were the material facts of the case, and upon them the defendant interposed to the plaintiffs' right of recovery two objections.

1. That plaintiffs have shown no title out of the commonwealth, and in themselves.

2. That defendant can hold under the Statute of Limitations. The Court below thus charged the jury:

Jessup, President.—The possession of Cook and his wife is the continued possession of Mattison. At his death the children, as his heirs, were entitled to that possession, and the mother, their natural guardian, remaining in possession, would continue their rights. Cook came into possession in right of his wife, and continues to hold as she held. There is no evidence of any adverse claim by Cook.

It was not necessary for the plaintiffs to show title in their father. He died in possession. Cook came in under them, and not against their title, and cannot now put them to proof of title, nor can he hold the land against their title by virtue of the Statute of Limitations.

The defendant is entitled to the profits of one-third part of the land, in right of his wife, who has a dower interest therein; and in assessing the damages, the jury should only take into view the remaining two-thirds, and allow also to defendant such improvements as have been *bona fide* put upon the premises by him, if any, to be deducted therefrom.

The defendant excepted to the charge.

*Kidder*, for plaintiff in error, contended that the plaintiffs had not shown that the title was out of the commonwealth. Mattison was a mere trespasser, and if Cook took the possession, and held for twenty-one years, it should have been referred to the jury as matter of fact, whether his holding was not adverse.

*M'Clintock*, for defendant in error, whom the court declined to hear.

Per Curiam.—There is no substance in the assignment of errors, and we notice the case particularly, only because it presents an opportunity to supply what was omitted in *Dawson* v. *M'Gill*, (4 *Whart.* 230) by stating, as the subject has been mentioned during the argument, that a plaintiff in ejectment shall not

[Cook v. Nicholas.]

be allowed to give evidence of mesne profits, unless he shall give notice of it in time for preparation to encounter it. No notice was given here, and the matter passed without objection; hereafter the practice will be different.

Judgment affirmed.