## Weaver v. Reinhart et al.

J. O. Ulrich, for plaintiff; R. J. Graeff and D. J. Boyle, for defendants.

HICKS, J., April 23, 1928.—This is an action of ejectment in which the plaintiff's declaration and abstract of title were filed on May 10, 1926, in which she seeks to gain possession of lot No. 23 in block "E" on a plan of lots in East Tamaqua on the south side of Hazle Street. The plaintiff claims the right of possession to the said lot of ground in pursuance of the terms of the will of Daniel Weaver, deceased, which in the second paragraph provides: "The lot of ground and block of houses thereon erected, situate on Hazle Street, in the Borough of Tamaqua, I do hereby give and devise to my son, Alvin Henry Weaver, for and during his natural life; he to receive the

whole income thereof; after the death of my son, Alvin Henry Weaver, his widow, if then living, shall receive the rents and income of the said property so long as she lives and remains his widow, and after her death or remarriage, then my wife, Angeline, if living, shall receive the rents and income of the said lot and block of houses for her own use so long as she shall live, and it is only after the death of my son, Alvin Henry Weaver, and his wife's death or remarriage and death of my wife, Angeline, that the said lot and block of houses are to go to and become the property of my son Alvin Henry Weaver's children absolutely, in equal shares; I value the said lot and block of houses hereinbefore mentioned at $3600; one-third of said sum to be credited to the share of my said son, Alvin Henry Weaver, at the final settlement of my estate, and I do hereby appoint my daughter, Elizabeth E. Reinhart, Trustee of my said son, Alvin Henry Weaver, and she is to receive and be paid any part or portion of my estate payable to the said Alvin Henry Weaver in money (except the income of the aforesaid lot and block of houses), to hold and to have the same in trust; to invest part or all in real estate or other good investments that she deems best and pay the interest and income accruing thereon, from time to time, as it may accrue, and if the said Trustee finds it necessary she is also empowered hereby to pay any of the principal moneys she has in trust to my said son, Alvin Henry Weaver, or his widow, to keep him or her comfortable during his lifetime, and after his death pay the said income or interest to his widow, if then living and not remarried, and after her death and the death of my wife, Angeline, pay the principal sum to the children of my said son, Alvin Henry Weaver, in equal shares." The plaintiff is the widow of Alvin Henry Weaver, who died on Sept. 26, 1911. The plaintiff further avers that the said defendants are in possession of part of the said lot on Hazle Street, which they claim they hold under the second paragraph of the last will and testament of the said Daniel Weaver, above recited. The plaintiff further avers that, under the said second paragraph of the will of said Daniel Weaver, she is entitled to the possession of said lot of ground on Hazle Street and the houses erected thereon and to the rents and income therefrom, and that the defendants are occupying the said lot of ground and houses thereon erected without right and in opposition to the many demands made by the plaintiff upon them for the rent and income therefrom; that the said plaintiff is not married and has not been married since the death of her husband, Alvin Henry Weaver. To the declaration the sworn abstract of title is attached, and both in the declaration and in the abstract of title the lot referred to in the second paragraph of the recited will is minutely described. On June 24, 1927, the plaintiff filed a claim for mesne profits against one of the defendants, Elizabeth E. Reinhart, for a definite sum of money, being the aggregate of the rents for the premises in the possession of the defendants for a period of nearly sixteen years, it being alleged that Elizabeth E. Reinhart collected said rents from the defendants. On Jan. 29, 1927, to the plaintiff's declaration, abstract of title and statement of claim for mesne profits the defendants filed a demurrer. Joinder in demurrer was filed by the plaintiff, alleging two grounds for the overruling of the demurrer; the first of which has been already adversely decided against the plaintiff in this case in an opinion by H. O. Bechtel, P. J., and the writer of this opinion. [See Weaver *v.* Reinhart et al., 10 D. & C. 676.]

The demurrer of the defendants assigns ten reasons in support thereof, which, for the purposes of decision, may be placed in two groups: *(a)* To the declaration and abstract of title—(1) (2) action pending in Orphans'

Court involving the same subject-matter between plaintiff and Elizabeth E. Reinhart, trustee, who, in her individual capacity, is one of the defendants in this case; (3) action in *assumpsit* pending in this court between plaintiff and Elizabeth E. Reinhart, one of the defendants, involving the same subject-matter; (8) failure to show a legal title or a right of possession; (9) the description of the property is defective and indefinite. *(b)* To claim for mesne profits—(4) claim, insufficient in form and substance, filed without leave of court and is not contained in the declaration and abstract of title; (5) the first two paragraphs of the claim are conclusions of law; (6) claim is for more than allowed by law; (7) claim is for a specific sum, with interest, while it is, in law, in the nature of a trespass.

*(b)* Demurrer to claim for mesne profits. That portion of the demurrer relating to the claim for mesne profits will be first considered. The claim for mesne profits gives notice that plaintiff desires to recover from Elizabeth E. Reinhart, one of the defendants, who has been collecting them, and to whom the other tenants have paid them, the rents of the property for which ejectment is brought, with interest for a period of almost sixteen years. Although the claim is for more than the statutory period of limitations, this is a matter to be specially pleaded by the defendants, and thus protection may be secured for all but six years: Hare *v.* Fury, 3 Yeates, 13; Huston *v.* Wickersham, 2 W. & S. 308; Lynch *v.* Fox, 23 Pa. 265; Hill *v.* Meyers, 46 Pa. 15. A claim for mesne profits comprehends the rents and profits accruing during the tortious holding of the defendants which are recoverable as damages. Mesne profits may be recovered in the ejectment suit by way of damages (Boyd *v.* Cowan, 4 Dallas, 138) up to the time of verdict: Dawson *v.* McGill, 4 Wh. 230. But the plaintiff must give previous notice of an intention to claim them: Cook *v.* Nicholas, 2 W. & S. 27; Bayard *v.* Inglis, 5 W. & S. 465. When one desires to recover mesne profits in an action of ejectment, he should give notice in his declaration or prior to the trial: Act of May 2, 1876, P. L. 95; Alexander *v.* Shalala, 228 Pa. 297, 300. Certainly, the desire to recover mesne profits in the instant case is sufficiently and plainly exhibited and such profits need not be contained in the declaration and abstract of title, and no leave of court was necessary to give such notice. It is true that the claim is poorly drawn, but it substantially meets the legal requirements of giving notice that mesne profits will be claimed, and failure to state accurately the items of damage is certainly not fatal, since rent, in any event, is the chief element of the damage. The better practice, recommended most generally, is to incorporate the claim for mesne profits in the declaration or bring a separate action while the ejectment is pending, going to trial and judgment after success in the action in ejectment.

"Mesne profits may be claimed in an action of ejectment without any formal averment of a trespass and a continuance of such trespass:" Dawson *v.* McGill, 4 Wharton, 230; Boyd *v.* Cowan, 4 Dallas, 138. The legal effect of the action of ejectment when mesne profits are claimed is, that the plaintiff was in possession of the land in dispute, was ousted by the defendant, and continued to be ousted to the day of trial, evidencing continued trespass, for which, so far as mesne profits are concerned, the jury may award damages to the day of trial: Dawson *v.* McGill, *supra;* Boyd *v.* Cowan, *supra.* In Dawson *v.* McGill, *supra,* mesne profits to the day of trial were recovered without any formal notice to the defendant. The only intimation received by the defendant that damages would be claimed was through a conversation at bar during the course of trial. It was later held that notice must be given in time sufficient to prepare a defense: Cook *v.* Nicholas, 2 W. & S. 27. The plain-

tiff may make this claim in his declaration in ejectment or he may proceed under the Act of May 2, 1876, P. L. 95, giving notice, before trial, of his intention to so claim. "In our statutory action of ejectment, mesne profits may be recovered by giving notice of the claim when suit is brought, or afterwards, within a reasonable time:" Carman v. Beam, 88 Pa. 319, now regulated by the Act of May 2, 1876, P. L. 95.

The plaintiff in the action of ejectment on which the present action is partly based brought suit for "the recovery of the possession of said premises from which he has been so unlawfully dispossessed and ejected and for the damages by him sustained." Under the authorities cited, this statement would be a sufficient notice to the defendant that damages for mesne profits would be claimed to the day of trial. Defendant in the ejectment could not have successfully resisted the introduction of evidence in support of such claim: Parks v. Pennsylvania Clay Co., 60 Pa. Superior Ct. 567, 571.

Warrant for the practice pursued in this case is found, however, in Rule 18, section 1, of our Rules of Court, which provides: Rule 18, § 1. If the plaintiff in ejectment intends to claim mesne profits, he shall file a statement of the amount claimed and of the time during which he demands said profits, and give notice of the same to the defendant or his attorney by copy of such statement at least thirty days before the trial. On failure so to do, he shall not be permitted to claim mesne profits in that suit.

The fourth, fifth, sixth and seventh reasons assigned in the support of the demurrer are overruled.

(a) Demurrer to the declaration and abstract of title.

Under the will of Daniel Weaver, hereinbefore referred to, Alvin Henry Weaver, his son, for and during his natural life, was given and devised to him "the lot of ground and block of houses thereon erected situate on Hazle Street, in the Borough of Tamaqua . . . he to receive the whole income therefrom. . . ." After the death of the said son, his widow, the plaintiff in this case, if then living, "shall receive the rents and income of the said property so long as she lives and remains his widow," with ultimate remainder "that the said lot and block of houses are to go to and become the property of my son Alvin Henry Weaver's children absolutely, in equal shares." By the very terms of the second paragraph of this will, a life estate is given to the son of the decedent in the lot of ground and block of houses, with the right to receive the whole income thereof, and after his death the rents and income are given to his widow, the plaintiff here, so long as she lives and remains his widow. No trust is created as to this interest of the plaintiff, or her husband before her, although Elizabeth E. Reinhart, one of the defendants, was made trustee under the quoted will for plaintiff and her husband in his lifetime in certain other bequests. It seems entirely clear from the reading of the will that the lot of ground and block of houses on Hazle Street in Tamaqua, together with the use and enjoyment of the same in rents and income, were intended by the testator to be given to his son, Alvin Henry Weaver, during his life and after his death to his widow, the plaintiff here, during widowhood. Certainly, the bequest of the rents and income of the lot and block of houses for life or during widowhood was the bequest to the plaintiff of the possesssion of the same. The will is silent as to who shall have possession of the lot and block of houses, collect the rents and income thereof and generally administer the same if such possession and rights were not given to the various life-tenants. The second paragraph of the will distinctly states that Elizabeth E. Reinhart, who is appointed trustee for the son, is to receive and be paid no income from the said lot and block of houses. Her trusteeship applies solely and alone to

the share of the plaintiff's deceased son in the estate of his father other than the particular lot of ground and block of houses. We are of the opinion, therefore, that the bequest of the rents and income of the lot and block of houses to the plaintiff during widowhood was the bequest of the possession of the said lot and block of houses, and the right to the immediate possession is sufficient upon which to ground an action of ejectment. The declaration in the fifteenth paragraph sets out that the defendants are occupying the said lot of ground and houses thereon erected without right and in opposition to the demands made upon them. By demurring, the defendants admit these facts.

Sufficiency in law of the declaration must be determined alone from it and the demurrer, and no extraneous matters or facts explanatory of either the declaration or demurrer contained in briefs of counsel may be considered, as they are not a part of the pleadings. The declaration sets out that defendants are in possession of the lot and houses mentioned in the will in opposition to the plaintiff's claim; the lot is definitely and sufficiently described (Seaman *v.* Waltemire, 79 Pa. Superior Ct. 366) and the houses occupied by the defendants alleged to be on the lot. We must conclude from the pleadings that these are the houses mentioned in the will, especially since they are on the lot on Hazle Street. The eighth and ninth reasons are, therefore, overruled.

The first, second and third reasons set forth that two other actions, one in the Orphans' Court and the other in the Common Pleas, are now pending involving the same subject-matter between the plaintiff and one of the defendants as trustee and in her own right. These reasons make the demurrer a speaking demurrer, which is bad. Any demurrer not founded upon averments of the statement is a speaking demurrer, which from the earliest days has been held to be bad (Brownsword *v.* Edwards, 2 Ves., Sr., 243, 245) and is still so held: Wright *v.* Weber, 17 Pa. Superior Ct. 451, by Rice, P. J. At all times the direct rule has been and still is that "courts, including those of probate, cannot in one case take judicial notice of their own records in another and different case, even though the trial judge in fact knows or remembers the contents thereof" (23 Corpus Juris, 113), except, perhaps, in a few rare instances having no relevancy here: Steel *v.* Levy, 282 Pa. 338. These matters being *dehors* the declaration will not be entertained, and the reasons are overruled.

The foregoing discussion also indicates the overruling of the tenth reason assigned, to wit, "(10) The declaration, abstract of title and statement of claim for mesne profits are in other respects uncertain, informal and insufficient."

The declaration and claim for mesne profits are certainly not in good form, but in substance are legally sufficient to call for the defendants' answer and plea. This case presents in the aggregate an accumulation of bad pleadings, to which, no doubt, this court has contributed when the judgment by default entered in this case on July 26, 1926, was opened, for, under the authority of Rader *v.* Keiper, 285 Pa. 579, the judgment of default should have been maintained in its full integrity. So that this case may be now brought to an issue, its merits decided and the defendants permitted to offer any defense, if they have such, the demurrer is overruled and permission given the defendants to file their plea, answer and abstract of title.

The demurrer is overruled and the defendants are directed to file their answer, abstract of title and plea within fifteen days from this date, in default of which judgment is directed to be entered upon the pleadings in favor of the plaintiff.          From M. M. Burke, Shenandoah, Pa.