## Richards v. Christman

*Black & Davison,* for plaintiff.

*John McDowell Sharpe, Jr.,* for defendant.

EPPINGER, P. J., June 3, 1966. — Plaintiff filed a complaint in ejectment demanding recovery of possession of certain land, money damages for defendant's use of the land and other damages due to damages to the land or loss of proceeds down to the time of trial.

Defendant filed preliminary objections. The first was a motion to strike, objecting that plaintiff did not set forth the cause of action for damages and the cause of action for possession in separate counts, each containing a demand for relief, as required by Pennsylvania Rules of Civil Procedure 1055 and 1020 (a). The second was a motion for more specific pleading to require plaintiff to aver specifically what special damages she has sustained other than rental value due to the damage to the land or loss of proceeds.

A discussion in 8 Anderson Pa. Civ. Prac., §2834, concludes that when a claim for damages or profits is made with an ejectment claim by the same plaintiff against the same defendant, rule 1020 (a), providing for the separate statement in separate counts of different causes of action, is not applicable. The author points out that Pa. R. C. P. 1404 (3) preserves the Act of May 2, 1876, P. L. 95, sec. 1, 12 PS §1557, from suspension. That act provides as follows:

"In all actions now pending, or hereafter to be brought, for the recovery of damages or mesne profits, it shall be lawful for the plaintiff at any time, not less than fifteen days before trial, to give notice to defendant or his attorneys that he proposes to claim damages or mesne profits up to the date of trial of such suit, and on such trial the plaintiff may recover such damages or mesne profits, not barred by the statute of limitations,

to the time of such trial, as may be warranted by law and the evidence".

Rule 1055 of the Pennsylvania Rules of Civil Procedure applicable to an ejectment action states as follows:

"The plaintiff may state in the complaint any cause of action for profits for the use of or damages for injury to the land".

Rule 1020(a) requires that each cause of action be stated in a separate count containing a demand for relief.

Relying on a comment to rule 1055 in Goodrich-Amram, defendant argues that plaintiff, in electing to join a claim for profits with the action in ejectment, must separate the claims in two counts: 1 Goodrich-Am. §1055-1.

Defendant contends that the position expressed in 8 Anderson Pa. Civ. Prac., supra, is inconsistent with fact pleading rules in Pennsylvania. He interpreted the Act of 1876, supra, to mean that plaintiff is required to include a separate count for mesne profits and make his pleadings sufficiently specific in this respect so they can be answered. This, according to defendant's argument, would cover such damages to the time complaint was filed. Then the notice must be given if a further claim is to be made to the time of trial. This, defendant said, is the fair meaning of the Act of 1876. Otherwise, he said, we would have "notice" pleading as to this matter of mesne profits.

It does appear that as to mesne profits the law of Pennsylvania is that notice pleading is all that is required. In the case of Dawson v. McGill, 4 Wharton 230 (1839), mesne profits to the day of the trial were recovered without any formal notice to defendant. The only intimation received by defendant that damages would be claimed was through a conversation at bar during the course of the trial.

The court in that case said: "In our statutory eject-ment, therefore, the plaintiff must be allowed to go for the possession and the profits together; and the remain-ing inquiry regards the time for which he shall be per-mitted to recover . . . Departing from the English practice in a single particular, it would be idle to stop short of full relief; and we are bound to allow profits to be recovered for the time which has preceded the verdict".

In a later case (1841) of Cook v. Nicholas, 2 W. & S. 27, it was held that the notice of a claim for mesne profits must be given in time sufficient to prepare a defense.

In Carman v. Beam, 88 Pa. 319, a suit brought in 1873, plaintiff was deprived of his property for eight years. Before trial, he obtained possession by a deed from defendant's grantee. Plaintiff then gave defend-ant notice that at trial a claim would be made for mesne profits. The court said: "However it may be else-where, in this state it has been decided that in our statutory action of ejectment, mesne profits may be recovered by giving notice of the claim when suit is brought, or afterwards, within a reasonable time be-fore trial. . . ."

The Act of 1876 is, therefore, but a continuation of the law as it existed prior to the adoption of the act, and is preserved by rule 1404(3). From this, it must follow that the Supreme Court, in the adoption of the rules, intended to prescribe "fact" pleading in eject-ment, but in a claim for mesne profits, mere notice is sufficient, and there is no need to itemize the damages or profits. This has been the holding of cases since the adoption of the Rules of Civil Procedure: Narzisi v. Allentown-Bethlehem Gas Co., 32 Northamp. 41 (1948), though here the court held the claim for mesne profits had to be contained in a separate count: Di-Rienzo v. Greco, 20 Northumb. 167; Baker v. Keiser,

20 Northumb. 59; MacDowell v. Milbourn, 34 Del. Co. 109, and this has occurred since the act has been applied to ejectment actions where the recovery of damages or mesne profits is incidental: Weaver v. Reinhart, 11 D. & C. 120; Parks v. Penna. Clay Co., (No. 1), 60 Pa. Superior Ct. 567, 571.

In the Parks case, it was said that there is sufficient notice where plaintiff's declaration avers that suit is brought for ' "the recovery of the possession of said premises from which he has been so unlawfully dispossessed and ejected and for damages by him sustained' ".

It follows, therefore, that plaintiff is not required to set forth his claim for mesne profits in a separate count and that notice of claim of mesne profits, either in the complaint or separately 15 days before trial, is all that is necessary.

In this case, paragraphs 7 and 8a of the complaint are as follows:

"7. The plaintiff has sustained damages due to the defendant's enjoying the use of the land for eleven (11) months during which time the land had a rental value of two hundred twenty-five ($225.00) dollars per month.

"8. The plaintiff requests:

"a. The entry of a judgment against the defendant in the amount of two thousand, four hundred seventy-five ($2,475.00) dollars and for any other damages sustained by the plaintiff due to the damage to the land or loss of proceeds down to the time of trial".

These give defendant notice of the claim for mesne profits to the time of trial.

### ORDER OF COURT

Now, June 3, 1966, defendant's preliminary objections are dismissed and defendant is granted 20 days from this date in which to file an answer. Exception granted to defendant.